# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

DANNY RAY COATES,

      Petitioner,

vs.                                                           No. 96cv0653 LH/JHG

JOHN SHANKS, Warden,

      Respondent.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

      This matter is before the Court on Petitioner's (Coates) Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Coates, currently in state custody, attacks the Judgment, Sentence, and Commitment imposed in the case styled *State of New Mexico v. Danny Ray Coates*, and numbered CR 83-76, Fifth Judicial District Court, County of Chaves, State of New Mexico. The United States Magistrate Judge, having considered the arguments of counsel, pleadings, record proper, relevant law, and being otherwise fully informed, finds the Petition for a Writ of Habeas Corpus is without merit and recommends that it be DENIED.

      On August 26, 1982, Coates was charged by criminal complaint with murder, robbery and theft of a motor vehicle. Record Proper (RP) 13. A preliminary hearing was held on September 3, 1982. At the conclusion of the hearing, the magistrate judge orally ruled Coates was bound over to the district court for murder, unlawful taking of an auto, and armed robbery. RP 83. However, the written order stated Coates was bound over only on an open charge of murder while armed with a deadly weapon. RP 7. On October 14, 1982, the state filed a criminal information charging murder while armed with a deadly weapon. RP 2. Trial on the amended information began February 28, 1983.

RP 69. On March 1, 1983, the trial court granted a mistrial on the ground that two of the jurors had read a newspaper article containing information which would have been inadmissible. RP 71. On March 3, 1983, the state filed an amended information charging Coates with murder, armed robbery, and unlawful taking of a motor vehicle. RP 73. The trial court transferred venue to Chaves County. RP 75. On March 8, 1983, Coates moved to quash the amended criminal information on the grounds of vindictive motivation in filing the amended criminal information and nonconformity with the magistrate's written order. RP 80. The trial court denied the motion, reasoning the magistrate judge orally bound over Coates on all three charges and the failure of the written order to conform to the oral order was a clerical mistake. RP 84.

On December 15, 1983, Coates was convicted on all three charges. RP 331, 332, 333. He filed a direct appeal. Answer, Exhibits C, D, E. The New Mexico Supreme Court affirmed. *State v. Coates*, 103 N.M. 353, 707 P.2d 1163 (1985).

On January 9, 1996, Coates filed a state petition for a writ of habeas corpus asserting ineffective assistance of trial counsel in addition to the claims he had already asserted on direct appeal. Answer, Exhibit J. Coates did not request an evidentiary hearing in connection with his state habeas petition. The petition was denied on January 11, 1996. Answer, Exhibit K. Coates filed a petition for a writ of certiorari with the Supreme Court of New Mexico. The petition for a writ of certiorari was denied on February 12, 1996. Answer, Exhibit L, M.

Coates filed the instant federal habeas corpus petition on May 14, 1996. On September 27, 1997, Respondent moved to dismiss. On August 18, 1998, the district court adopted the undersigned's recommendation that the motion to dismiss with respect to Issues I(a) (failure to conform information to bind-over order), III (trial court erred in admitting pry bar and hammer into

2

evidence), and IV (trial court erred in failing to grant mistrial due to witness violation of SCRA, 1986 11-615) be granted. Although Coates argues these issues in his brief, they are not addressed herein as they have already been dismissed. The undersigned's recommendation that the motion to dismiss be denied with respect to Issues I(b)(prosecutorial misconduct), II (denial of right to impartial jury), V (insufficient evidence to sustain conviction of armed robbery), VI (insufficient evidence to sustain conviction of first degree murder), VII (incompetency to stand trial), and VIII (ineffective assistance of counsel) was adopted by the district court on August 18, 1998.

Coates has exhausted his state court remedies with respect to the issues still pending herein. The Antiterrorism and Effective Death Penalty Act (AEDPA) applies to this case because it was filed after April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 643 (1997). The AEDPA imposed a one year period of limitation to § 2254 proceedings. 28 U.S.C. § 2244(d). The petition is timely under the AEDPA.

Respondent argues the state courts' findings are entitled to a presumption of correctness under 28 U.S.C. § 2254(e)(1). The AEDPA increased the deference afforded the factual findings and legal determinations of state courts. *Houchin v. Zavaras*, 107 F.3d 1465, 1470 (10th Cir. 1997). The AEDPA provides that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits unless the adjudication of the claim-
>
> > (1) resulted in a decision that was contrary to, or involved unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States, or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

3

28 U. S. C. § 2254(d)(1) and (2).

The AEDPA, unfortunately, provides no further illumination about the intended meaning of the terms and, as a result, there is a split among the circuits construing this section. Some circuits have held that AEDPA imposes a very high standard of deference. *See Sexton v. French*, 163 F.3d 874 (4th Cir. 1998); *Neelley v. Nagle*, 138 F.3d 917 (11th Cir. 1998), *cert. denied*, ____ U.S. ____, 119 S.Ct. 811, ____ L.Ed.2d ____ (1999); *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996), *cert. denied*, ____ U.S. ____, 117 S.Ct. 1114, 137 L.Ed.2d 315 (1997)(*overruling on other grounds recognized by United States v. Carter*, 117 F.3d 262, 264 (10th Cir. 1997)), *cert. denied,* ___ U.S. ____, 117 S.Ct. 1114, 137 L.Ed.2d 315 (1997); *Green v. French*, 143 F.3d 865, 870 (4th Cir. 1998)*, cert. denied*, _____ U.S. ____, 119 S.Ct. 844, ____ L.Ed.2d ____ (1999). Other courts have held that the level of deference cannot be so high so as to interfere with the federal court's power to decide cases. *See O'Brien v. DuBois*, 145 F.3d 16 (1st Cir. 1998).

The Tenth Circuit has yet to interpret the amount of deference owed to state courts under § 2254(d)(1). *Rogers v. Gibson*, ____ F.3d ____, 1999 WL 203188, *10 (10th Cir. Apr. 12, 1999) However, the Tenth Circuit employed the standard set forth in *Sexton* in *Roberts v. Ward*, ____ F.3d ____ (table) 1999 WL 162751, * 13 (10th Cir. Mar. 26, 1999). Although this is an unpublished decision, the Court finds it appropriate to employ the same standard:

> [H]abeas relief is authorized only when the state courts have decided the question by interpreting or applying the relevant precedent in a manner that reasonable jurists would all agree is unreasonable.

*Roberts v. Ward*, 1999 WL 162751 at *13; *Sexton v. French*, 163 F.3d at 880.

Coates argues that the amended criminal information filed after the mistrial constituted prosecutorial vindictiveness in violation of due process because it added two additional charges.

4

Coates contends the mistrial was granted on his motion. The record does not contain such a motion. However, in support of his motion to quash the amended information, defense counsel stated the mistrial was declared at the request of defendant. Moreover, the New Mexico Supreme Court stated the mistrial was granted ". . . following [Coates'] successful motion. . ." Thus, the undersigned will assume, for the sake of argument, that the mistrial was declared on Coates' motion.

The first step of the §2254(d) analysis looks to the clearly established federal law as determined by the Supreme Court. The Supreme Court has recognized that to punish a person because he has done what the law plainly allows him to do violates due process. *Bordenkircher v. Hayes*, 434 U.S. 357, 363, 98 S.Ct. 663, 667, 54 L.Ed.2d 604 (1978). While a prosecutor may punish a defendant for violating the law, he may not punish a defendant for exercising a protected statutory or constitutional right. *United States v. Goodwin*, 457 U.S. 368, 372, 102 S.Ct. 2485, 2488, 73 L.Ed.2d 74 (1982).

The focus of a vindictive prosecution claim is whether, as a practical matter, there is a realistic or reasonable likelihood of prosecutorial conduct that would not have occurred but for the hostility or punitive animus toward the defendant because he exercised his specific legal right. *United States v. Contreras*, 108 F.3d 1255, 1262 (10th Cir. 1997). In order to establish a vindictive prosecution claim, Coates must show either: (1) actual vindictiveness or (2) a reasonable likelihood of vindictiveness, which then raises a presumption of vindictiveness. *United States v. Contreras*, 108 F.3d at 1262 (*citing United States v. Raymer*, 941 F.2d 1031, 1042 (10th Cir. 1991)). In determining whether a reasonable likelihood of vindictiveness exists, the court must look at the totality of the objective circumstances surrounding the prosecutorial decision. *United States v. Contreras*, 108 F.3d 1263.

5

In this case, the objective circumstances are as follows. On March 1, 1983, the second day of trial, the court entered an Order Declaring Mistrial. RP 71. The order stated that the court had been advised two members of the jury read a newspaper article concerning the case that contained matter not ordinarily admissible at trial. *Id.* As the jury had only one alternate juror, it was impossible to excuse the two jurors and proceed. *Id.* The court found manifest necessity required that it declare a mistrial. *Id.* In denying Coates' motion to quash the amended criminal information, the trial court noted the written order did not conform to the magistrate's oral ruling that Coates be bound over on all three charges. RP 83. On direct appeal, the New Mexico Supreme Court found there was nothing in the record to indicate the prosecutor acted in bad faith and nothing in the record which would give rise to a presumption of vindictiveness. *State v. Coates*, 103 N.M. at 358, 707 P.2d at 1168. The supreme court stated it appeared the prosecutor added the additional counts simply because they were improvidently omitted from the original information. *Id.* The supreme court also stated Coates was not prejudiced by the filing of the amended information. *Id.*

The totality of the circumstances surrounding the prosecution's filing of the amended criminal information is insufficient to create either actual vindictiveness or even a reasonable likelihood of vindictiveness. The mistrial was granted due to juror misconduct. The prosecution did not object to the granting of the mistrial. The mistrial was granted on only the second day of trial. The additional charges were included in the magistrate's original oral order, but mistakenly omitted from the written order. Under the totality of the circumstances, Coates has failed to establish presumptive or actual prosecutorial vindictiveness.

Moreover, Coates has failed to overcome the presumption of correctness of 28 U.S.C. § 2254(d) with respect to this issue. The state district court and state supreme court determined Coates

had failed to demonstrate vindictive prosecution. The state court did not resolve the question by interpreting or applying the relevant precedent in a manner that reasonable jurists would all agree is unreasonable. *Sexton v. French*, 163 F.3d at 880. Thus, Coates is not entitled to habeas relief on the vindictive prosecution issue. 28 U.S.C. § 2254(d).

Coates contends his Sixth Amendment right to an impartial jury was violated by the trial court's failure to declare a mistrial when a venire member disclosed during voir dire that he was the warden at the corrections center and knew Coates when he was an inmate. During voir dire, the following exchange took place:

> Court: Any of you acquainted with the defendant in this case?
>
> Mr. Newton: Yes, I am your honor.
>
> Court: You know Mr. Coates?
>
> Mr. Newton: Yes, I do.
>
> Court: And the nature of the acquaintance, sir?
>
> Mr. Newton: I am the warden at the correction center . . .
>
> Court: . . . Mr. Newton I will excuse you in this matter.

*State v. Coates*, 103 N.M. at 358, 707 P.2d at 1168.

During jury selection in chambers, defense counsel moved for a mistrial on the ground that Mr. Newton's response had left the prospective jurors with the impression that Coates had been incarcerated previously. *Id.* The trial court denied the motion. *Id.* The New Mexico Supreme Court found there was no evidence in the record that the conversation between the trial judge and Mr. Newton during voir dire prevented the jurors from making a fair-minded decision. *Id.* The supreme court held mere speculation on the part of defendant that his right to an impartial jury trial was

7

violated did not suffice to show the trial court abused its discretion in denying the motion for a mistrial. *Id.*

The first step of the §2254(d) analysis looks to the clearly established federal law as determined by the Supreme Court. The case governing claims of juror impartiality is *Mu'Min v. Virginia*, 500 U.S. 415, 111 S.Ct. 1899, 114 L.Ed.2d 493 (1991). A federal habeas court's review of the state trial court's ruling on juror impartiality is limited to enforcing the commands of the United States Constitution. *Mu'Min v. Virginia*, 500 U.S. at 422, 111 S.Ct. at 1903, 114 L.Ed.2d 493. This court may reverse the state court's finding of juror impartiality only upon a showing of manifest error. *Mu'Min v. Virginia*, 500 U.S. at 428, 111 S.Ct. at 1906-07, 114 L.Ed.2d 493. In order to establish a constitutional violation based on the trial court's refusal to dismiss a venire panel, the habeas petitioner must demonstrate either that the trial resulted in actual prejudice, or that it gave rise to a presumption of prejudice because it involved such a probability of prejudice that it resulted in a denial of due process. *Lucero v. Kerby*, 133 F.3d 1299, 1308 (10th Cir.) *cert. denied* ___ U.S. ___, 118 S.Ct. 1684, 140 L.Ed.2d 821 (1998).

In this case, Coates has failed to identify any actual prejudice on the part of any juror. Coates speculates that the panel hypothesized he was a former inmate because the warden of the corrections center knew him. Based upon this speculative hypothesis, Coates suggests prejudice of the panel should be presumed. The facts of this case do not indicate the impartiality of the panel was tainted in any way by the exchange between the trial court and Mr. Newton. The exchange between Mr. Newton and the judge was brief. Mr. Newton did not state Coates was an inmate. The judge immediately excused Mr. Newton. Under the facts of this case, Coates has failed to establish actual or presumptive prejudice.

In addition, Coates has failed to overcome the presumption of correctness of 28 U.S.C. § 2254(d) with respect to this issue. The state district court and state supreme court determined the panel was not tainted. The supreme court found there was no evidence in the record that the conversation between the trial court and Mr. Newton during voir dire prevented the jurors from making a fair-minded decision. The state court did not resolve the question by interpreting or applying the relevant precedent in a manner that reasonable jurists would all agree is unreasonable. *Sexton v. French*, 163 F.3d at 880. Thus, Coates is not entitled to habeas corpus relief on this issue.

In issues V and VI, Coates argues his right to due process was violated because his conviction for armed robbery and first degree murder were not supported by substantial evidence. The first step of the §2254(d) analysis looks to the clearly established federal law as determined by the Supreme Court. The case on point is *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). On federal habeas corpus review, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. at 319, 99 S.Ct. at 2793, 61 L.Ed.2d 560 (1979). This court must view the evidence in the light most favorable to the prosecution and accept the jury's resolution of the evidence as long as it is within the bounds of reason." *Grubbs v. Hannigan*, 982 F.2d 1483, 1487 (10th Cir.1993).

A review of the record in this case verifies the requirements of *Jackson* have been satisfied with respect to each and every element of both offenses which Coates challenges. In fact, the evidence clearly supports his convictions. Coates' sufficiency of the evidence argument is wholly without merit.

Alternatively, Coates has failed to overcome the presumption of correctness of 28 U.S.C. §

9

2254(d) with respect to this issue. The New Mexico Supreme Court determined Coates' convictions for armed robbery and burglary were supported by substantial evidence. Answer, Exhibit H, 9-10. The decision of the New Mexico Supreme Court did not resolve the question by interpreting or applying the relevant precedent in a manner that reasonable jurists would all agree is unreasonable. *Sexton v. French*, 163 F.3d at 880. Thus, Coates is not entitled to habeas corpus relief on his claim the evidence was insufficient to support his convictions for armed robbery and first degree murder.

In issue VII, Coates contends his right to due process was violated because the trial court failed to determine whether he was competent to stand trial. The first step of the §2254(d) analysis looks to the clearly established federal law as determined by the Supreme Court. The case governing a substantive competency claim is *Dusky v. United States*, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed. 2d 824 (1960). *Dusky* holds the issue with respect to competency is whether the defendant has the present ability to consult with his lawyer with a reasonable degree of rational understanding and whether he has a rational, as well as a factual, understanding of the proceedings against him. *Dusky v. United States*, 362 U.S. at 789, 80 S.Ct. at 402, 4 L.Ed. 2d 824. The competency requirement seeks to ensure the defendant "has the capacity to understand the proceedings and assist counsel." *United States v. Williams*, 113 F.3d 1155, 1159 (10th Cir. 1997)(quoting *Godinez v. Moran*, 509 U.S. 389, 401 n. 12, 113 S.Ct. 2680, 125 L.Ed.2d 321 (1993)).

With respect to this issue, the New Mexico Supreme Court found as follows. During the state's case-in-chief, the district attorney called Joe Ponder to testify to prove Coates killed the victim with premeditation. *State v. Coates*, 103 N.M. at 360, 707 P.2d at 1170. Before Ponder could testify, defense counsel requested an evidentiary hearing on Coates' competency to stand trial. *Id.* Defense counsel contended Ponder would be testifying about a telephone conversation he had with Coates

10

on the night before the victim was found dead, but that Coates was unable to remember the conversation due to amnesia, an alcoholic blackout, an epileptic seizure, or some combination thereof. *Id.* Defense counsel reasoned that, due to the fact Coates would be unable to rebut Ponder's testimony and assist in his defense, he was incompetent to stand trial. *Id.*

The trial court held an evidentiary hearing in camera. *State v. Coates*, 103 N.M. at 360, 707 P.2d at 1170. At the hearing, Dr. Serafino, a forensic psychologist, testified that he believed Coates was competent to stand trial if the court did not consider his alleged lack of memory as a bar to competence. When pressed by defense counsel, however, Dr. Serafino expressed a reasonable doubt as to whether Coates was competent to stand trial given his history of epilepsy, the fact he was intoxicated at the time of the offense, and other data. *Id.* The trial court applied New Mexico's three-pronged test of competency, as set out in NMSA 1978, UJI Crim. 41.03 (Cumm.Supp. 1984), concluded there was no reasonable doubt as to competency, and refused to submit the issue to the jury. *State v. Coates*, 103 N.M. at 360, 707 P.2d at 1170. On direct appeal, the New Mexico Supreme Court affirmed. *Id.*

The standard applied by the state courts comported with *Dusky*. *Compare State v. Chapman*, 104 N.M. 324, 328, 721 P.2d 392, 396 (1986) *and Dusky v. United States*, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824. Thus, the standard applied by the state court was not contrary to clearly established federal law as determined by the Supreme Court. 28 U.S.C. § 2254(d).

Moreover, Coates has failed to overcome the presumption of correctness of 28 U.S.C. § 2254(d) with respect to this issue. The New Mexico courts determined Coates was competent to stand trial. The state courts did not resolve the question by interpreting or applying the relevant precedent in a manner that reasonable jurists would all agree is unreasonable. *Sexton v. French*, 163

11

F.3d at 880. Thus, Coates is not entitled to habeas corpus relief on his claim the evidence was insufficient to support his convictions for armed robbery and first degree murder.

In issue VIII, Coates argues defense counsel was ineffective because he failed to investigate his competency and move for a competency hearing prior to trial, failed to investigate the murder charge which resulted in reliance at trial on an untimely raised competency motion and ineffectively presented alibi defense, and failed to consult with him during trial which resulted in ignorance of Coates' drug impaired state that prevented him from assisting in his own defense.

The first step of the §2254(d) analysis looks to the clearly established federal law as determined by the Supreme Court. The case governing ineffective assistance of counsel claims is *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under *Strickland*, a petitioner who claims ineffective assistance of counsel must show his attorney's representation fell below an objective standard of reasonableness and there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. at 690, 104 S.Ct. at 2066, 80 L.Ed.2d 674. The petitioner has the burden of establishing both elements of *Strickland*.

Coates claims defense counsel failed to properly investigate his competency and the murder charge. "'Counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. In an ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's performance.'" *Miles v. Dorsey*, 61 F.3d 1459, 1475 (10th Cir. 1995) (citing *Strickland*, 466 U.S. at 690, 104 S.Ct. at 2066). Under the circumstances of this case, counsel's investigation of these areas was reasonable in light of Coates' position at trial, which was

inconsistent with the one assumed in the instant action.

For instance, Coates contends his attorney was ineffective because he failed to timely raise the issue of competency. However, Coates received a competency evaluation and hearing. In fact, both the trial court and the supreme court considered the competency issue on the merits. Thus, Coates is unable to establish prejudice with respect to the argument he attorney was ineffective for failing to raise the issue of competency earlier in the proceedings.

Coates argues his attorney was ineffective in failing to present an alibi defense. In his brief in support of his habeas petition, Coates asserts this "alibi" consisted of the fact that he knew exactly what he did on the night of the offense. Petitioner's Memorandum Brief in Support of his Petition for a Writ of Habeas Corpus at 24. However, Coates told Dr. Serafino his memory loss rendered him totally incapable of assisting his lawyer in reconstructing his whereabouts or actions during the relevant times. Answer, Exhibit F at 29. In other words, Coates now takes a position inconsistent with that which he took at trial. Under these circumstances, defense counsel was not ineffective for believing what Coates told him.

Finally, Coates contends his attorney was ineffective for failing to notice he was under the influence of unspecified drugs at trial. This conclusory allegation is wholly unsupported by the record. Neither the trial court, Dr. Serafino, the prosecutor, nor defense counsel noticed any indication that Coates was impaired. Defense counsel was not ineffective for failing to raise a non-existent argument.

The trial court, in ruling on Coates' state habeas corpus petition found Coates' allegations were nothing more than a rehash of the case from his point of view. Answer, Exhibit K. Coates has failed to overcome the presumption of correctness of 28 U.S.C. § 2254(d) with respect to this issue.

The state courts did not resolve the question by interpreting or applying the relevant precedent in a manner that reasonable jurists would all agree is unreasonable. *Sexton v. French*, 163 F.3d at 880. Thus, Coates is not entitled to habeas corpus relief on his ineffective assistance of counsel claims.

On August 20, 1998, Coates filed a motion for an evidentiary hearing on his claims of ineffective assistance of counsel and prosecutorial vindictiveness. Coates did not request an evidentiary hearing on his habeas petition in state court. Thus, Coates failed to develop the factual basis of a claim in state court. Because he failed to develop the factual basis for these claims in state court, he is barred from obtaining a federal evidentiary hearing. 28 U. S. C. § 2254( e)( 2). He has not shown that there is a new rule of constitutional law which applies, or a factual predicate that could not have been previously discovered through the exercise of due diligence, either of which would be sufficient to overcome the bar. *Id.* Moreover, Coates has failed to establish his counsel's representation was constitutionally deficient, he was prejudiced. Or that he was subjected to vindictive prosecution. Therefore, Coates is not entitled to a federal evidentiary hearing.

## RECOMMENDED DISPOSITION

The Petition for a Writ of Habeas Corpus, brought by a person in state custody pursuant to 28 U.S.C. § 2254, and motion for an evidentiary hearing should be denied.

_____
**JOE H. GALVAN**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE**

Within ten days after a party is served with a copy of these amended proposed findings and recommended disposition that party may, pursuant to 28 U.S.C. § 636 (b)(1), file written objections to such amended proposed findings and recommended disposition. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the amended proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.